**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:25-cv-62096**

DAVID OPPENHEIMER,

                    Plaintiff,

v.

8118 HARDING PROPERTIES LLC d/b/a
THE DONOVAN AT MIAMI BEACH,

                    Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff DAVID OPPENHEIMER by and through his undersigned counsel, brings this Complaint against Defendant 8118 HARDING PROPERTIES LLC d/b/a THE DONOVAN AT MIAMI BEACH for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1.      Plaintiff DAVID OPPENHEIMER ("Oppenheimer") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, to copy and distribute Oppenheimer's original copyright-protected Work of authorship, and for violations of 17 U.S.C. § 1202 for the unauthorized removal of copyright management information ("CMI").

2.      Oppenheimer is an independent travel, aerial, and concert photographer, who operates Performance Impressions LLC as the primary outlet to sell prints of his work in addition to commercial licensing. Oppenheimer has a large archive of aerial and concert photography with over 500 galleries of photos from concerts, music festivals, travel, landmarks, and aerial photographs of major cities, rural, and mountain landscapes across the United States.  His work

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

has been featured on National Geographic, Rolling Stone, NBC, Goldman Sachs, HBO Sports and on display at the Museum of the City of New York.

3.      Defendant 8118 HARDING PROPERTIES LLC DBA THE DONOVAN AT MIAMI BEACH ("8118 H.P. LLC") is a Florida Limited Liability Company d/b/a The Donovan at Miami Beach, a Hotel located in the heart of Miami Beach.  At all times relevant herein, 8118 H.P. LLC owned and operated a real estate investment and rental business located at 8118 Harding Ave, Miami Beach, FL 33141 and operated the corresponding website located at the URL https://the-donovan-at-miami-beach.miamibeachfl-hotel.com/en/ (the "Website").

4.      Oppenheimer alleges that 8118 H.P. LLC made an unauthorized copy of his Work for the purpose of advertising, marketing, and promoting its real estate business.  The infringing use was directly connected to 8118 H.P. LLC's business operations and intended to attract public attention and drive sales in the ordinary course of trade.

## JURISDICTION AND VENUE

5.      This is an action arising under the Copyright Act, 17 U.S.C. §§ 501, 1202.

6.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7.      8118 H.P. LLC is subject to personal jurisdiction in this district because it conducted and directed the infringing activity here and operated a commercial business within this forum.

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, 8118 H.P. LLC engaged in infringement in this district, 8118 H.P. LLC resides in this district, and 8118 H.P. LLC is subject to personal jurisdiction in this district.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

**DEFENDANT**

9.      8118 Harding Properties LLC d/b/a The Donovan at Miami Beach is a Florida Limited Liability Company, with its principal place of business at 3839 Flatlands Ave Ste 211, Brooklyn, NY, 11234, and can be served by serving its Registered Agent, Vstate Filings LLC at 4522 Inverrary Blvd, Lauderhill, FL 33319.

**THE COPYRIGHT-PROTECTED WORK AT ISSUE**

10.      In 2019, Oppenheimer created the photograph entitled "North Shore Open Space Park Miami Beach Aerial," which is shown below and referred to herein as the "Work".



11.      At the time Oppenheimer created the Work, Oppenheimer applied CMI  to the Work consisting of  "© 2019 David Oppenheimer" in  the bottom right corner of the image.

12.      Oppenheimer has complied in all respects with Title 17 U.S.C. § 102, et seq., and all other laws governing federal copyright applicable to the Work and prior to first publication of the Work, he registered the  copyright  with the U.S. Copyright  Office on April 15, 2019.  The

Work is on deposit with the U.S. Copyright Office registered with the contents title "M4A_DSC9500.jpg" and is identified in the first paragraph on page one of the copyright registration certificate. The group registration was assigned registration number VAu 1-350-595. The Certificate of Registration is attached hereto as **Exhibit 1**.

13. Oppenheimer's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets. The Work in perspective, orientation, positioning, lighting, and other details are entirely original and creative. As such, the Work qualifies as subject matter protectable under the Copyright Act.

14. At all relevant times Oppenheimer was the owner of the Work at issue in this case.

### INFRINGEMENT BY 8118 H.P. LLC

15. 8118 H.P. LLC has never been licensed to use the Work at issue in this action for any purpose.

16. On a date after the Work at issue in this action was created, but prior to the filing of this action, 8118 H.P. LLC copied the Work.

17. On or about February 21, 2023, Oppenheimer discovered the unauthorized use of his Work on the Website.

18. 8118 H.P. LLC copied Oppenheimer's Work without Oppenheimer's permission.

19. After 8118 H.P. LLC copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its online real estate platform.

20. 8118 H.P. LLC copied and distributed Oppenheimer's copyright-protected Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

21.      8118 H.P. LLC committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

22.      Oppenheimer never gave 8118 H.P. LLC permission or authority to copy, distribute or display the Work at issue in this case.

23.      Oppenheimer notified 8118 H.P. LLC of the allegations set forth herein on February 4, 2025, and February 21, 2025.  To date, the parties have failed to resolve this matter.

24.      When 8118 H.P. LLC copied and displayed the Work at issue in this case, 8118 H.P. LLC removed Oppenheimer's CMI from the Work.

25.      Oppenheimer never gave 8118 H.P. LLC permission or authority to remove CMI from the Work at issue in this case.

### COUNT I
### DIRECT COPYRIGHT INFRINGEMENT

26.      Oppenheimer incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.      Oppenheimer owns a valid copyright in the Work at issue in this case.

28.      Oppenheimer registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

29.      8118 H.P. LLC copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

30.      8118 H.P. LLC performed the acts alleged in the course and scope of its business activities.

31.      Defendant's acts were willful.

32.      Oppenheimer has been damaged.

5

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

33.     The harm caused to Oppenheimer has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

34.     Oppenheimer incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

35.     The Work at issue in this case contains CMI in the form of a visible watermark in the bottom right corner of the Work, as shown in part here:



36.     8118 H.P. LLC cropped the Work and added text to the Work.  An overlay of 8118 H.P. LLC's unauthorized derivative on top of Oppenheimer's Work is shown here, with the outline of the infringing copy in red:



**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

37.     As can be seen above, 8118 H.P. LLC carefully cropped the Work so as to avoid including Oppenheimer's CMI on the infringing copy.

38.     By cropping the Work to remove Oppenheimer's visible watermark, 8118 H.P. LLC knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

39.     8118 H.P. LLC committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Oppenheimer's rights in the Work at issue in this action protected under the Copyright Act.

40.     8118 H.P. LLC caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Oppenheimer's rights in the Work at issue in this action protected under the Copyright Act.

41.     Oppenheimer has been damaged.

42.     The harm caused to Oppenheimer includes irreparable harm, and 8118 H.P. LLC has benefitted from infringement of the Work.  Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Oppenheimer is entitled to injunctive relief, damages, and other relief authorized under the Copyright Act.

WHEREFORE, Plaintiff DAVID OPPENHEIMER prays for judgment against Defendant 8118 HARDING PROPERTIES LLC DBA THE DONOVAN AT MIAMI BEACH that:

a.     8118 H.P. LLC and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1202;

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

b.      8118 H.P. LLC be required to pay Oppenheimer his actual damages and

Defendant's profits attributable to the infringement, or, at Oppenheimer's election, statutory

damages, as provided in 17 U.S.C. §§ 504, 1203;

c.      Oppenheimer be awarded his attorneys' fees and costs of suit under the applicable

statutes sued upon;

d.      Oppenheimer be awarded pre- and post-judgment interest; and

e.      Oppenheimer be awarded such other and further relief as the Court deems just and

proper.

## JURY DEMAND

Oppenheimer hereby demands a trial by jury of all issues so triable.

Dated: October 17, 2025                    Respectfully submitted,


*/s/ George N. Colville*
GEORGE N. COLVILLE
Bar Number: 1060046
george.colville@sriplaw.com

JOEL B. ROTHMAN
FL Bar Number: 98220
joel.rothman@sriplaw.com

**SRIPLAW, P. A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
786.297.8709 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff David Oppenheimer*

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS